UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DONNA WHITAKER

    Plaintiff,

V.                               CIVIL ACTION NO

LAW ENFORCMENT SYSTEMS, LLC

Defendant.                     SEPTEMBER 22, 2014

## COMPLAINT

Plaintiff, sues Defendant a licensed collection agency, which is doing business in Maryland and alleges:

## I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 D.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

## Ill. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of Silver Springs, Maryland.

4. At all times material hereto, Defendant, ("Collection Agency), was licensed as a collection agency as required by the Maryland Department of Financial Regulation.

5. At all times material hereto, Defendant was doing business in Maryland.

6. At all times material hereto, Defendant, was acting like a licensed collection agency with a principal place of business at 633 West Wisconsin Avenue, Suite 1600

Milwaukee, Wisconsin 53203.

   7. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

   8. Defendant is the collection agent for 495 express lanes and regularly collected or attempted to collect monies from consumers for delinquent or alleged delinquent personal debt. See Exhibit "1".

   9. Plaintiff had an EZ-Pass to access the toll road, which did not work properly and was charged a toll and a collection fee.

   10. On or about September 5, 2014, Defendant communicated with the Plaintiff for the purpose of collecting monies for an alleged delinquent toll purportedly owed by plaintiff to the creditor, despite knowledge the Plaintiff was represented by counsel, in violation of the FDCPA, 15 U.S.C. §1692c.

## V. ALLEGATIONS OF LAW

**A. General**

   11. At all times material hereto, plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

   12. At all times material hereto, "495 Express Lanes", represented by Defendant was a "creditor" as said term is defined under 15 U.S.C. §1692a (4).

   13. At all times material hereto, the amount purportedly owed to "Toll Invoice Debt" represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a (5).

**A. Unlawful Claim**

14. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

**15 U.S. Code § 1692c - Communication in connection with debt collection**

**(a) Communication with the consumer generally**

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

**(1)** at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

**(2)** if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

15. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

16. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, Plaintiff, an individual, requests judgment be entered in her favor against Defendant for:**

1. Actual and statutory damages pursuant to 15 U.S.C. §1692k;
2. An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and
3. Such other and further relief as the Court may deem just and equitable.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
163 Mitchells Chance Road, #244
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 440-6372
Fed. Bar # Md26843
bernardtkennedy@yahoo.com